# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

CAMILLE SANDERS,                    )
                                    )
      **Plaintiff,**              )
                                    )
**v.**                              )      **Case No. CIV-20-339-AMG**
                                    )
KILOLO KIJAKAZI, ACTING             )
COMMISSIONER OF SOCIAL              )
SECURITY,                           )
                                    )
      **Defendant.**              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Camille Sanders ("Plaintiff"), brings this action for judicial review of the Social Security Administration's ("SSA's") denial of disability insurance benefits ("DIB"). (Doc. 1). The Defendant Commissioner filed the Administrative Record ("AR") (Doc. 15), and both parties briefed their respective positions. (Docs. 21, 27).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) (Docs. 19, 20). For the reasons set forth below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.   Procedural History

On May 10, 2017, Plaintiff filed an application for DIB. (*See* AR at 15). The SSA denied the application initially and on reconsideration. (*Id.* at 81, 95). Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision dated May 16, 2019.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

(*Id.* at 15-31).  The Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-6).
Thus, the decision of the ALJ became the final decision of the Commissioner.  *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).  Plaintiff seeks judicial review of this final agency decision.

## II.    The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations.  *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520.  The ALJ first determined Plaintiff did not engage in substantial gainful activity between December 14, 2014, the alleged onset date, and March 31, 2019, the date last insured.  (AR at 18).

At step two, the ALJ determined that Plaintiff suffers from the severe impairments of degenerative disc disease of the cervical and lumbar spine, fibromyalgia, systemic lupus erythematosus, hypertension, and obesity.  (*Id*. at 18-22).  At step three, the ALJ found that Plaintiff's impairment does not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.* at 22-23).

The ALJ next determined Plaintiff's residual functional capacity ("RFC"), concluding Plaintiff could perform light work with the following limitations:

> She could lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently.  She could stand and/or walk for six hours in an eight-hour workday, and sit up to six hours in an eight-hour workday.  She could never climb ladders, ropes, or scaffolds.  She occasionally could climb stairs, balance, stoop, kneel, crouch, or crawl.  She frequently could reach in any direction, handle (grip), and finger.

(*Id.* at 23-28).  The ALJ then found at step four that Plaintiff could not perform any past relevant work.  (*Id.* at 28-29).  Relying on the testimony of a vocational expert ("VE"), at step five the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as office helper, sales attendant, dining room attendant, and correction officer.  (*Id.* at 29-30).  Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act.  (*Id.* at 30).

## III.    Issues Presented for Judicial Review

Plaintiff contends that the ALJ improperly dismissed an examining physician's opinion that a cane was medically necessary in certain circumstances.  (Doc. 21, at 4-7).  She also argues that the ALJ improperly relied on Plaintiff's lack of prescription for a cane when considering the issue.  (*Id.*)  Finally, she asserts the ALJ erred in considering her use of a back brace.  (*Id.* at 9-10).

## IV.    The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the Plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience." *Id.* "The claimant is entitled to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The court reviews the Commissioner's final decision to determine if it is supported by substantial evidence in the record and the correct legal standards were applied. *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1153 (2019); *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S.Ct. at 1154 (internal quotation marks and citation omitted). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks and citations omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

**V.      Analysis**

**A.      The ALJ's Consideration of Evidence Related to Plaintiff's Use of a Cane**

In her discussion of Plaintiff's severe medical conditions, the ALJ observed the following regarding Plaintiff's consultative examination with Dr. Raymond Azadgoli, M.D., on December 29, 2017:

> In December 2017, two months after her [anterior cervical discectomy and fusion] surgery, consultative examiner, Raymond Azadgoli, M.D., evaluated [Plaintiff]. . . . During the examination, [Plaintiff] had pain and reduced range of motion in her lumbar spine. **She ambulated with an antalgic gait, favoring the left lower extremity and used a cane. Dr. Azadgoli noted that the cane appeared to be medically necessary for medium to long distances at an appropriate speed**. However, [Plaintiff's] straight leg raise tests were negative bilaterally in the sitting and supine positions and she was able to heel and toe walk normally.
>
> . . . Regarding [Plaintiff's] lower extremities, Dr. Azadgoli observed that range of motion in [Plaintiff's] hips, knees, and ankles was within normal limits. There was no evidence of muscular atrophy or hypertrophy and no crepitus or effusion noted. [Plaintiff's] pedal pulses were equal and normal bilaterally. Neurologically, there was hypoesthesia to soft and pinprick in the bilateral upper and lower extremities in a glove like distribution. Otherwise, [Plaintiff's] sensation was intact, her deep tendon reflexes were normal and symmetric, and Romberg and Babinski signs were negative. Dr. Azadgoli observed that [Plaintiff] had 18 out of 18 fibromyalgia tender points. **He did not offer a functional assessment.**

(*Id.* at 20-21) (internal citations omitted) (emphasis added). (*See* AR at 1289-96). In discussing the RFC, the ALJ again considered Dr. Azadgoli's examination of Plaintiff, making the same observations. (*Id.* at 26).

At the hearing, Plaintiff testified that she uses a cane sometimes at home when she experiences dizzy spells, when she is straightening up her home, and at shower time. (*Id.* at 51). She further testified that she "definitely" uses a cane when walking a long distance,

and takes her cane with her when she goes to the store in case she needs it.  (*Id.*)  In the decision, the ALJ noted that Plaintiff "testified that [she] used a cane both in and out of her house to help her with activities of daily living."  (*Id.* at 24).  The ALJ also stated that although Plaintiff "brought a cane to the consultative examination and to the hearing, there is no indication that this was prescribed by any medical professional."  (*Id.* at 25).

**B.     The ALJ Failed to Articulate the Persuasiveness of Dr. Azadgoli's Medical Opinion.**

Plaintiff contends that Dr. Azadgoli's finding that a cane "appear[s] to be medically necessary for medium to long distances at an appropriate speed" amounts to a functional limitation and that the ALJ did not articulate how persuasive she found the opinion.  (Doc. 21, at 4).  "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s)" and whether a claimant has a limitation or restriction in the ability to perform physical, mental, or other demands of work or to adapt to environmental conditions.   20 C.F.R. § 404.1513(a)(2).   An ALJ considers medical opinions using five factors: (1) how much the opinion is supported by objective medical evidence and explanation; (2) the consistency of the opinion with evidence from other sources in the claim; (3) the medical source's relationship with the claimant; (4) the specialization of the medical source; and (5) other factors that tend to support or contradict a medical opinion.  *Id.* § 404.1520c(a), (c)(1)-(5).  The ALJ must articulate how persuasive he or she finds a medical opinion.  *Id.* § 404.1520c(b).  In doing so, the ALJ is required to explain how he or she "considered the supportability and consistency factors for a medical

source's medical opinions." *Id.* § 404.1520c(b)(2).  But, the ALJ is not required to explain how he or she considered the remaining factors.  *Id.*

Because Dr. Azadgoli's statement regarding Plaintiff's use of a cane was an opinion regarding Plaintiff's ability to walk medium-to-long distances, the Court finds that it is a medical opinion under the SSA's regulations.  *See id.* § 404.1513(a)(2)(i).  Therefore, the ALJ was required to articulate how persuasive she considered the opinion, including a discussion of the opinion's supportability and consistency.  Although the ALJ engaged in such analysis regarding opinions from other providers, she did not do so with regard to Dr. Azadgoli's opinion about Plaintiff's use of a cane.  This was error.

The error is not harmless.  Under prior regulations, an ALJ was required to "discuss the weight he [or she] assign[ed]" to medical opinions.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).  But, the error was harmless if the "specific work-related limitation [was] not inconsistent with the ALJ's RFC."  *Id.* at 1165.  Even if the same harmless-error framework applies to the new regulations, the ALJ's error is not harmless because the RFC did not include a limitation allowing for Plaintiff to use a cane when walking medium or long distances.  *See, e.g., Wood v. Berryhill*, 2019 WL 470914, at *4 (W.D. Okla. Feb. 6, 2019) ("On remand, the ALJ should consider whether Mr. Gray's statement constitutes an opinion concerning the medical necessity of an assistive device, and if so, . . . assess what impact it would have on Plaintiff's RFC.").  Further, the ALJ did not pose any questions to the VE regarding a hypothetical claimant who used a cane to ambulate for medium or long distances.  Thus, reversal and remand are appropriate. *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (holding that hypothetical questions

to the VE must reflect with precision all of claimant's impairments and limitations that are borne out by the evidentiary record). *See, e.g., Goldsborough v. Comm'r of Soc. Sec. Admin.*, 2020 WL 5047159, at *4 (E.D. Okla. June 24, 2020) ("[A]lthough it is possible Claimant's use of a cane may not affect his ability to perform sedentary work, this is a determination for the ALJ to address on remand, perhaps with assistance from a VE, not a determination for the Court."), *adopted*, 2020 WL 5044139 (E.D. Okla. Aug. 26, 2020).

**C.      The ALJ Improperly Relied on the Lack of a Prescription for a Cane.**

In the ALJ's decision, she noted that "although [Plaintiff] brought a cane to the consultative examination and to the hearing, there is no indication that this was prescribed by any medical professional."  (AR at 25).  Plaintiff contends that "the ALJ improperly discounted [Dr.] Azadgoli's finding and Ms. Sanders's testimony regarding her need to use her cane to ambulate" and that the ALJ's consideration was inconsistent with Social Security Ruling ("SSR") 96-9p.  (Doc. 21, at 6-8).

SSR 96-9p provides:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).  The adjudicator must always consider the particular facts of a case.

1996 WL 374185, at *7.  This standard "does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of her RFC."  *Staples v. Astrue*, 329 F. App'x 189, 191-92 (10th Cir. 2009). Thus, it is error for an ALJ to rely on the lack of a prescription for a cane to determine a

cane is not medically necessary.  *See id.* at 192 ("The ALJ therefore erred in relying on Ms. Staples' lack of a prescription for a cane.").

The Commissioner argues the lack of a prescription "is still relevant evidence" and contends that addressing the lack of a prescription is akin to "point[ing] out that not a single one of Plaintiff's care providers had recommended the use of a cane, suggesting that not one of them found a cane was medically necessary." (Doc. 27, at 10).  The Commissioner's attempt to recast the ALJ's decision is unpersuasive.  The ALJ clearly relied on the lack of a prescription in discounting Plaintiff's use of a cane, even though Dr. Azadgoli's evaluation provided medical documentation establishing Plaintiff's need for a cane when walking medium to long distances.  *Staples* makes clear that amounts to error.

The Commissioner also argues that "[w]hen noting that Dr. Azadgoli had indicated that a cane may be medically necessary for long distances, the ALJ explained that she did not agree because Dr. Azadgoli's own examination revealed that straight leg raise tests were negative bilaterally and Plaintiff was able to heel and toe walk normally, suggesting the cane was not medically necessary." (Doc. 27, at 10).  But that is not what the ALJ stated.  As noted above, the ALJ addressed evidence in Dr. Azadgoli's report of Plaintiff walking with an antalgic gait, favoring her left leg, and using a "medically necessary" cane. (AR, at 20, 26).  The ALJ then noted: "However, [Plaintiff's] straight leg raise tests were negative bilaterally in the sitting and supine positions and she was able to heel and toe walk normally." (*Id.*)  The ALJ's report of these tests – even preceded by "however" – does not amount to an "[explanation] that she did not agree" with Dr. Azadgoli's opinion about the cane, nor did the ALJ specifically find or "suggest[] the cane was not medically necessary."

9

Thus, it was error for the ALJ to rely on the lack of a prescription for Plaintiff's cane to dismiss a medical opinion that the cane was medically necessary.

### D.    Plaintiff's Argument Related to Her Back Brace is Without Merit.

Plaintiff asserts that the ALJ failed to analyze the effects of a back brace on her RFC, speculating that "[p]eople who wear a back brace due to cervical and lumbar limitations have great difficulty using their back to occasionally … climb stairs, balance, stoop, kneel, crouch, or crawl." (Doc. 21, at 9).  Plaintiff, however, points to no medical record indicating that her back brace actually caused such limitations.  Further, Plaintiff points to no legal authority in making this argument.  At best, Plaintiff impermissibly requests that that the Court reweigh the evidence.  *See Newbold*, 718 F.3d at 1262.  Thus, Plaintiff's argument related to her back brace is without merit.

## VI.    Conclusion

For the reasons discussed above, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 2nd day of August, 2021.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE